UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLLEEN GALLIGAN,

    Plaintiff,

                      Case No.: 8:08-cv-2427-T-33TGW

v.

RAYTHEON COMPANY,

    Defendant.
_____/

**ORDER**

This matter is before the Court upon consideration of Plaintiff's Motion for Partial Summary Judgment (the "Motion for Summary Judgment" Doc. # 25), which was filed on March 13, 2009. Defendant filed its Response in Opposition to the Motion for Summary Judgment (Doc. # 33) on April 6, 2009. For the reasons that follow, the Motion for Summary Judgment is due to be denied without prejudice.

**I.**   **Background**

On December 8, 2008, Plaintiff filed her complaint against Defendant alleging that she suffered damages caused by "hazardous waste materials and contaminants" emitted from Defendant's facility, located at 1501 72nd Street St. Petersburg, Florida. Defendant filed its Answer and Affirmative Defenses on February 2, 2009. (Doc. # 18). Among other defenses, Defendant asserts that Plaintiff's claims are barred by the statute of limitations, that Plaintiff has

suffered no damages, that Plaintiff lacks standing to bring her complaint against Defendant, and that Plaintiff cannot prove causation. (Doc. # 18 at 8-11).

On March 13, 2009, prior to the exchange of any discovery and before the entry of the Court's Case Management and Scheduling Order, Plaintiff filed the Motion for Summary Judgment and accompanying affidavits. Plaintiff asserts that summary judgment on the issue of liability is warranted. On the issue of Defendant's defenses, Plaintiff simply submits: "Although [Defendant] has attempted to allege a number of purported affirmative defenses in response to [Plaintiff's] claim, [Defendant] has failed to allege any facts supporting such purported defenses." (Doc. # 25 at 6). Plaintiff concedes that Defendant's "third party defense" is a legitimate defense to her strict liability claim, and Plaintiff addresses the defense only by noting, "no evidence exists to support such a defense in this case." (Doc. # 25 at 6).

In response, Defendant contends that Plaintiff's Motion for Summary Judgment is utterly premature. The Court agrees with Defendant.

**II. Analysis**

Summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As stated in Blumel v. Mylander, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

Id. at 870 (internal citations omitted).

Defendant points out that it has not had a meaningful

3

opportunity to develop the facts, including the facts pertinent to its defenses, through discovery. Defendant contends "[T]here has been no discovery into any of the necessary elements of plaintiff's claim for liability–including whether she suffered any injury, whether the substances at issue caused any such injury, and what quantities of those substances must be present for strict liability to attach–or the various defenses [Defendant] might mount. The development of any one of these areas could yield facts precluding a finding of liability in this case." (Doc. # 33 at 5).

Defendant submits that Plaintiff's Motion for Summary Judgment "is nothing more than an attempt to short-circuit [Defendant's] ability–and the Court's ability–to probe the facts." (Doc. # 33 at 15).

The Court determines that Plaintiff's Motion for Summary Judgment is due to be denied as premature. The court reached a similar result in Blumel, 919 F.Supp. at 423. There, the plaintiff filed a motion for summary judgment "when discovery just began." Id. at 429. The court denied the motion for summary judgment as "blatantly premature" after finding that "there has been inadequate time for discovery." Id. The court explained, "If the Court were to rule on the merits of [the

plaintiff's] motion, such ruling would frustrate the [defendants'] right to factually investigate." Id. The court also warned:

> By bringing his motion so prematurely, [the plaintiff] not only disregards [the defendants'] discovery rights, but also wastes the Court's time. . . . [T]he Eleventh Circuit's position regarding when to bring a summary judgment motion is clear. In fact, [the plaintiff's] premature motion borders on violating Fed. R. Civ. P. 11 because it appears to be unwarranted by existing law or brought for an improper purpose.

Id. at 429.

The Court determines that Plaintiff's Motion for Summary Judgment is premature and is due to be denied without prejudice. After the parties have had the opportunity to engage in discovery, Plaintiff may reassert the arguments contained in the Motion for Summary Judgment.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Partial Summary Judgment (Doc. # 25) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of September 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record