UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLLEEN GALLIGAN,

    Plaintiff,

v.                                 Case No. 8:08-cv-2427-T-33TGW

RAYTHEON COMPANY,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Stay Litigation (Doc. # 53), which was filed on January 26, 2010. For the reasons that follow, the Court will deny the motion to stay.

**Analysis**

The parties seek an order staying this case pending the resolution of the related case of Sher v. Raytheon Company, 8:08-cv-889-T-33AEP. The parties indicate that they agreed, during a January 14, 2010, mediation, to stay this case "until 45 days after the Sher v. Raytheon lawsuit is resolved, whether by entry of final judgment or by settlement between the parties. During the stay, rulings in the Sher v. Raytheon lawsuit shall not be dispositive in this case." (Doc. # 53 at 1).

The Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353,

1366 (11th Cir. 1997). If this Court were to grant the motion to stay, the parties would not be obligated to comply with the deadlines set forth in the Court's Case Management and Scheduling Order (Doc. # 41), resulting in significant delay of the proceedings. Further, the Court is concerned that, if the motion to stay is granted, this case will not be tried within the time parameters of the Civil Justice Reform Act, 28 U.S.C. § 471, et seq.

As stated in Chudasama, 123 F.3d at 1366, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]" and the Court determines that it is appropriate to deny the motion to stay.

The Court notes that if Plaintiff desires to opt into the class action in the Sher case, that may still be possible.[1] In the instance that Plaintiff desires to litigate her claims against Raytheon in an individual action, separate and apart from the Sher litigation, she must do so without delay.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

---

[1] Previously, the Court suggested that consolidation of this case and the Sher case. (Doc. # 42). In response, Plaintiff noted, "as the Sher case is a class action and Plaintiff's case is an individual one, the two cases should not be fully consolidated, especially if the Sher case is certified as a class, in which case Plaintiff would opt out and proceed with her own claim individually." (Doc. # 43 at 2).

The parties' Joint Motion to Stay Litigation (Doc. # 53) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of January 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record